IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICKY ANDREW THOMPSON, Inmate # 914256,  Plaintiff, | :: CIVIL ACTION NO. :: 1:06-CV-1812-MHS :: :: |
| v. | :: :: |
| K. BALDINI, Police Officer, RICHELE POWELL, Prosecutor, JERRY BAXTER, Judge, MICHELLE L.H. HOMIER, Public Defender,  Defendants. | :: PRISONER CIVIL RIGHTS :: 42 U.S.C. § 1983 :: :: :: :: :: |

## ORDER AND OPINION

Plaintiff, an inmate at the Fulton County Jail in Atlanta, Georgia, has submitted the instant pro se civil rights action. For the purpose of dismissal only, leave to proceed in forma pauperis is hereby **GRANTED**. The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination.

### I. 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the

face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989). "[C]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (reviewing the dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

## II. Plaintiff's allegations

In the instant complaint, Plaintiff alleges that an Atlanta police officer falsely accused him of robbery, took the allegedly stolen money from him, and then gave that money to the alleged victim. [Doc. 1-1 ¶ IV.][1] Plaintiff was then transported to the Fulton County Jail, where he currently awaits trial. [Id.] Plaintiff claims that he has developed an invention for the production of electrical power and that, at the time of his arrest, he was receiving government aid – money, clothing, and lodging – to help him pursue that invention, which he calls his "business schematic." Plaintiff sues the arresting officer (Baldini), the attorney prosecuting his case (Powell), the judge presiding over his case (Baxter), and his public defender (Homier). [Id.]

Various attachments to Plaintiff's complaint reveal his dissatisfaction with the performance of Homier for failing to have the robbery charge dismissed for lack of evidence. [Doc. 1-1 at 7-10.] Plaintiff stated in a bar grievance that Homier and Powell had lobbied against the disclosure of certain "properly prepared information for review by the court." [Id. 10.] Plaintiff also expressed his frustration at the delay in setting a trial date. [Id. 18-23.]

---

[1]The Court adopts herein the document designation and page numbering displayed in the electronic docketing system now in use by the Clerk of Court.

3

Included in Plaintiff's attachments to his complaint is the October 21, 2005, Incident Report prepared by Officer Baldini, stating that the following individuals – Ms. Hill, the alleged robbery victim; Mr. Holbrook, who followed Plaintiff as he fled the robbery scene and identified him to Baldini; and two third party witnesses – "positively identified [Plaintiff] as the individual who violently forced the victim against her vehicle and forcefully took her money against her will and began to flee the area." [Id. 15.] Officer Baldini found three $20 bills in Plaintiff's pocket, which Mr. Holbrook allegedly had given to Ms. Hill shortly before she was robbed. "These [bills] were positively identified by Mr. Holbrook and Ms. Hill and returned to her." [Id.]

By way of relief, Plaintiff seeks (1) "safe lodging of aimiable [sic] stature worthy . . . to properly prepare research and solicit[ his] schematic to local investors"; (2) "a wireless device complete with savvy [sic] functions paid for by the Defendants . . . to conduct business and speed [his] move to" self-sufficiency; (3) a list of local investors and firms who might profit from his schematic; (4) information regarding the zoning restrictions on the development of facilities for producing electrical power; (5) a loan to cover his expenses while developing his business plans; and (6) the dismissal of all pending charges concerning the alleged robbery. [Doc. 1-1 ¶ V.] In

4

the alternative, Plaintiff seeks a monetary award equivalent to his lost profits arising from the disruption of his business plans. [Id.]

### III. Discussion

**A.  Defendants' amenability to suit**

**1.  Judge Baxter**

Unless a judge has acted "in the clear absence of all jurisdiction," he or she is absolutely immune from damage claims in a § 1983 action. See Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotations omitted). Furthermore, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. The Eleventh Circuit has concluded that the above language allows only declaratory relief against judicial officers, to which a plaintiff is not entitled if "there is an adequate remedy at law." See Bolin, 225 F.3d at 1242-43 (affirming the dismissal of plaintiffs' claims for declaratory or injunctive relief because the plaintiffs had an adequate remedy at law, namely, the right to "appeal any rulings, or actions taken, in their criminal cases" or to "seek an extraordinary writ such as a writ of mandamus").

Plaintiff has not alleged any action taken by Judge Baxter "in the clear absence of all jurisdiction," nor is there any suggestion in the record that Plaintiff does not have an adequate remedy at law for any alleged violation, namely, a direct appeal of the judge's rulings or a separate action seeking mandamus relief. See id. at 1243. Accordingly, Plaintiff fails to state a claim for relief against Judge Baxter.

2. **Prosecutor Powell**

"Prosecutors are also entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the [state's] case." Id. at 1242. Further, when a § 1983 plaintiff has an adequate remedy at law, such as the right to an appeal or to seek mandamus relief, he is not entitled to equitable relief against a prosecutor. Id. at 1242-43. Accordingly, for the reasons stated above with respect to Judge Baxter, Plaintiff also fails to state a claim for relief against Prosecutor Powell.

3. **Public Defender Homier**

The Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981) (ordering the dismissal of respondent's § 1983 complaint against his public defender).

6

Accordingly, Plaintiff cannot maintain a § 1983 cause of action against Public Defender Homier based on her alleged mishandling of his case.

**B.     Claims against Officer Baldini**

**1.     False arrest and false imprisonment**

"A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a section 1983 claim. An arrest made with probable cause, however, constitutes an absolute bar to a section 1983 action for false arrest." Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996) (citation omitted).

> Probable cause to arrest exists if the facts and circumstances within the officer's knowledge, of which he has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed or is committing an offense. Probable cause does not require overwhelmingly convincing evidence, but only reasonably trustworthy information.

Id. (citation and internal quotations omitted). In addition, when "a police officer lacks probable cause to make an arrest, the arrestee has a claim under section 1983 for false imprisonment based on a detention pursuant to that arrest." Id. at 1526 (noting that, "under certain circumstances, a detention following a valid arrest may present a viable section 1983 claim where the detainee protests the detention on the basis of misidentification").

7

Based on the Incident Report prepared by Officer Baldini, it appears that there was sufficient "reasonably trustworthy information" to support a determination that probable cause existed to arrest Plaintiff for robbery. Moreover, there is no suggestion in the record that Plaintiff was misidentified by all four witnesses at the scene. Therefore, Plaintiff has failed to state a claim against Officer Baldini for either false arrest or false imprisonment.

### 2. **Deprivation of property**

To the extent that Plaintiff seeks to maintain a due process cause of action against Officer Baldini for the seizure of the three $20 bills from his pocket, such an action only ripens after the available state-law remedies have been exhausted. In general, if state law provides an adequate post-deprivation remedy for a state actor's intentional taking of property, there is no due process violation. See McKinney v. Pate, 20 F.3d 1550, 1562-63 (11th Cir. 1994) (en banc) (stating that a claimant who alleges that a state actor has deprived him of his property "has not suffered a violation of his procedural due process rights unless and until the State . . . refuses to make available a means to remedy the deprivation"). The State of Georgia has made such a remedy available: "a civil cause of action for the wrongful deprivation of personal property" brought pursuant to O.C.G.A. § 51-10-1. See Byrd v. Stewart, 811 F.2d

8

554, 555 n.1 (11th Cir. 1987). It appears from the face of Plaintiff's complaint that he has not pursued the post-deprivation remedy available to him under Georgia law. Accordingly, Plaintiff has failed to state a claim for relief based on the deprivation of his property without due process of law.

C.  **Release from custody**

To the extent that Plaintiff seeks immediate release from custody, that relief is available only in a federal habeas corpus action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Moreover, a fundamental prerequisite for federal habeas corpus relief pursuant to either 28 U.S.C. § 2241 or 28 U.S.C. § 2254 is the exhaustion of state court remedies. See Fain v. Duff, 488 F.2d 218, 223 (5th Cir. 1973) (noting that the judicially created exhaustion requirement, although codified at 28 U.S.C. § 2254(b) for collateral attacks on state court convictions, "applies to all habeas corpus actions"); see also Thomas v. Crosby, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) (noting that "[a]mong the most fundamental common law requirements of § 2241 is that petitioners must first exhaust

9

their state court remedies," and also noting the Third Circuit's reliance upon Supreme Court precedent to conclude that, "[a]lthough there is a distinction in the statutory language of §§ 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned").

The codification of the exhaustion requirement at § 2254(b) prohibits a district court from granting habeas relief unless it appears that either (1) the petitioner "has exhausted the remedies available in the courts of the State"; (2) "there is an absence of available State corrective process"; or (3) "circumstances exist that render such process ineffective to protect the [petitioner's] rights." 28 U.S.C. § 2254(b)(1)(A)-(B). Furthermore, a petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas corpus petition. 28 U.S.C. § 2254(c).

Plaintiff has at least two means of challenging the legality of his detention: (1) a petition for state habeas corpus relief, filed pursuant to O.C.G.A. § 9-14-1(a) (providing that "[a]ny person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus to inquire into the legality of the restraint"); and (2) a petition for a writ of mandamus,

filed pursuant to O.C.G.A. § 9-6-20 (providing that "whenever, from any cause, a defect of legal justice would ensue from a failure to perform [official duties] or from improper performance, the writ of mandamus may issue to compel a due performance, if there is no other specific legal remedy for the legal rights"). Therefore, because it appears from the face of Plaintiff's complaint that he has not exhausted either of his available state court remedies, the Court declines to construe the instant action as a petition for habeas corpus relief.

## IV. Conclusion

For the foregoing reasons, this Court finds that Plaintiff has failed to state a claim on which relief may be granted, and the instant complaint is hereby **DISMISSED.** See 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED** this ___ day of _____, 2006.

_____
MARVIN H. SHOOB
UNITED STATES DISTRICT JUDGE